RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JUL -7 P 2:57

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Vincent Missouri**, #97087-071,

Petitioner,

vs.

Henry McMaster, Attorney General of the State of South Carolina; and Terry O'Brien, Warden,

Respondents.

**C/A No. 2:06-1155-GRA-RSC**

Report and Recommendation

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is currently incarcerated at USP Lee in Jonesville, Virginia, serving a sentence for bank robbery entered by this Court in United States v. Missouri, Criminal Action No. 6:00-498-MBS.

In this case, he seeks review pursuant to 28 U.S.C. § 2254 of certain South Carolina state court convictions entered in 1993 upon a guilty plea before the Court of General Sessions of Kershaw County. *See* Case Nos. 93-GS-1174; 93-GS-613. It appears from the records of this Court in Criminal Action No. 6:00-498-MBS that Petitioner was out of South Carolina state prison on parole from the sentences entered on the subject convictions at the time that he committed the federal crime of bank robbery for which he is currently incarcerated, and that his state convictions were used, among other things, to enhance his federal sentence. *See* Aloe Creme Laboratories, Inc. v. Francine Co., 425

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

Following initial review of this case, Petitioner was directed to pay the filing fee or submit an *in forma pauperis* application, to submit a fully completed court-approved § 2254 petition form, and to answer certain special interrogatories specifically directed to his state court exhaustion of remedies efforts. (Entry 3). He has now fully complied with the directions contained in the Court's initial Order, and has paid the filing fee, submitted his Amended Petition,(Entry 4), and his Answers to the Court's Special Interrogatories. (Entry 5).

Plaintiff states that he pursued a Post Conviction Relief Application (PCR) in Kershaw County Court of Common Pleas through its dismissal on "statute of limitations" grounds on August 2, 2005. *See* Case No. 02-CP-28-0014. He also states that he filed a "timely notice of appeal" of that dismissal; however, the records submitted by Petitioner indicate that, in fact, he only filed a "Motion for Reconsideration or In the Alternative, 'Intent to Appeal'" in the PCR court on August 15, 2005. (Entry 4, at 42). Although the PCR court directed Petitioner to "South Carolina Appellate Court Rule 227 for appropriate procedures after notice has been timely filed," it appears that he has not complied with that rule in order to formally institute a state court appellate review of the PCR decision.[2] From the

---

[2] Rule 227, SCACR titled "certiorari to review post-conviction relief actions" clearly sets out the appropriate procedure for filing a notice of appeal and petition for a writ of certiorari from the South Carolina Supreme Court to obtain review of an unfavorable PCR decision. In order to obtain review of the PCR decision (and thus exhaust state remedies available), this procedure must be followed in addition to the filing of a notice of intent to appeal in the PCR court. Under pertinent terms of that rule,

> In the same manner and under the same time limitations as provided for appeals from the Court of Common Pleas in Rules 203 and 207, the petitioner shall serve and file a notice of

(continued...)

contents of the Amended Petition and the Answers to the Special Interrogatories, it is evident that Petitioner has not fully exhausted his state court remedies, and, as a result, this Court is without jurisdiction to entertain the Petition filed in this case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d

---

[2](...continued)
appeal and shall obtain from the court reporter a transcript of the proceedings in the lower court.

Other subsections of the rule address the filing of a petition for writ of certiorari, its required contents, the filing of responses thereto, and other important procedural issue relative to this form of appellate review.

Rule 227(b), SCACR.

Rule 203(b)(1), SCACR, in turn, provides in pertinent part:

> A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment. When a timely motion for judgment n.o.v. (Rule 50, SCRCP), motion to alter or amend the judgment (Rules 52 and 59, SCRCP), or a motion for a new trial (Rule 59, SCRCP) has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion. When a form or other short order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt of written notice of entry of the more complete order or judgment.

With respect to the required filing of the transcript of the proceedings, Rule 207(a), SCACR provides in pertinent part:

> Where a transcript of the proceeding must be prepared by the court reporter, appellant shall, within the time provided for ordering the transcript, make satisfactory arrangements (including agreement regarding payment for the transcript), in writing with the court reporter for furnishing the transcript. In appeals from the court of common pleas, masters in equity, special referees or the family court in domestic actions, the transcript must be ordered within ten (10) days after the date of service of the notice of appeal.

948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

With respect to his Kershaw County robbery and crack cocaine distribution convictions, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought *only* after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in

prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973)(citing Braden). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* Picard v. Connor, 404 U.S. at 276. However, as noted above, it does not appear from the allegations contained in the Amended Petition, the exhibits attached thereto, or from his responses to special interrogatories that Petitioner ever filed

a proper notice of appeal or transcript of proceedings with the South Carolina Supreme Court in order to begin the process required to obtain review of the decision rendered in his PCR case. As a result, the grounds for habeas relief ostensibly raised in the present § 2254 Petition have not yet been considered by the highest court of the State of South Carolina, and this is fatal to this case.

Although the Court expresses no opinion on whether or not the "Motion for Reconsideration or In the Alternative, 'Intent to Appeal'" that Petitioner filed in the PCR court on August 15, 2005 is the equivalent of a "timely motion for judgment n.o.v. (Rule 50, SCRCP), motion to alter or amend the judgment (Rules 52 and 59, SCRCP), or a motion for a new trial (Rule 59, SCRCP)" any of which, under terms of Rule 203(b)(1), SCACR, would toll the time limits for filing of the notice of appeal and petition for writ of certiorari until a ruling was made on such motion, *see* supra note 2, it is possible that it might be. If that is the case, then if the PCR court has never ruled on the motion as Petitioner claims, he might still be able to file a timely notice of appeal and petition for writ of certiorari with the South Carolina Supreme Court and exhaust his state court remedies if he obtains a ruling on the motion and then follows the correct procedures for instituting appellate review set out in Rule 227, SCACR.

If a South Carolina prisoner's PCR application is denied or dismissed by a Court of Common Pleas, he can then obtain review of the that denial or dismissal through "a writ of certiorari as provided by the South Carolina Appellate Court Rules." S.C. Code Ann. § 17-27-100; *see* Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985); *see also* supra note 2. Regardless of whether Petitioner finds that his initial PCR case is not yet final due to the apparently still pending and un-ruled upon "Motion for Reconsideration or In the

Alternative, 'Intent to Appeal'", Petitioner *must* seek appellate review by the Supreme Court of South Carolina of any final PCR disposition from the Court of Common Pleas for Kershaw County or else federal collateral review of the grounds raised in his PCR application will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).

The undersigned expresses no opinion on the potential merits of any argument that Petitioner might make in any state court in an effort to exhaust his state remedies with respect to the claims he seeks to raise in the Amended Petition filed in this case. However, since Petitioner appears to have viable state court remedies in the form of either a reconsideration of the PCR decision by the Kershaw County Court of Common Pleas or a writ of certiorari proceeding in the South Carolina Supreme Court which have not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies. *See* Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); Lawson v. Dixon, 3 F.3d 743, 749 n. 4 (4th Cir. 1993)( "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

**RECOMMENDATION**

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed

*without prejudice* and without requiring Respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

July 7 ~~June~~, 2006
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**