UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vincent Missouri, #97087-071, | C/A No. 2:06-1155-GRA-WMC |
| Petitioner, | |
| v. | ORDER<br>(Written Opinion) |
| Henry McMaster, Attorney General of the State of South Carolina; and Terry O'Brien, Warden, | |
| Respondents. | |

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C and filed July 7, 2006. Petitioner brings this suit pursuant to 28 U.S.C. § 2254. The magistrate recommends that the case be dismissed, without prejudice and without requiring Respondents to file a return, for failure to exhaust state remedies .

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions

1

of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections to the Report and Recommendation on July 14, 2006.

In his objections, Petitioner admits that he has a pending "Motion for Reconsideration or In the Alternative, 'Intent to Appeal'" that Petitioner filed in the Post Conviction Relief ("PCR") court on August 15, 2005. The magistrate correctly found that "[r]egardless of whether Petitioner finds that his initial PCR case is not yet final due to the apparently still pending and un-ruled upon [motion to reconsider], Petitioner *must* seek appellate review by the Supreme Court of South Carolina of any final PCR disposition from the Court of Common Pleas for Kershaw County or else federal collateral review of the grounds raised in his PCR application will be barred by procedural default." Mag's Rep. & Rec. at 6-7 (emphasis in original) (citations omitted). Petitioner argues that the allegedly inordinate delay by the state courts in processing his PCR applications excuses his lack of exhaustion, citing to *Burkett v. Cunningham,* 826 F.2d 1208 (3rd Cir. 1987). In support of this argument, Petitioner notes the fact that his 1997 PCR application (his second PCR application) was still pending in 2002 when Petitioner filed his third PCR application. However, the Court does not find an inordinate delay in processing Petitioner's current claim for relief by the South Carolina state courts sufficient to excuse the exhaustion requirement. This Court agrees with the magistrate's finding that since Petitioner has "viable state court remedies in the form of either reconsideration of the PCR decision by the Kershaw County Court of Common Pleas or a writ of certiorari proceeding in the South Carolina Supreme Court which have not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting

his state remedies." Mag's Rep. & Rec. at 7. Therefore, Petitioner's objections are without merit.

After a review of the magistrate's Report and Recommendation and Petitioner's objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this petition be DISMISSED without prejudice and without requiring Respondents to file a return.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
July __21__, 2006.

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.